## STATE ex rel. TILLMAN et al. v. COOSAW MIN. CO.

*(Circuit Court, S. D. South Carolina. Augusi 3, 1891.)*

PHOSPHATE MINING—CONSTRUCTION OF GRANT—RIGHT NOT PERPETUAL.

Act S. C. 1870, gave defendant the right to mine phosphate in the Coosaw river for 21 years on the condition that it should pay annually one dollar a ton for each ton mined, and make annual return of its operations, or oftener if required. Act 1876 proposed certain modifications of this contract as regards time and manner of making returns, payment, etc., and provided that on defendant's acceptance thereof its right to mine should become exclusive, and it should have the right "so long as, and no longer than," the new conditions were complied with. *Held*, that these words applied only to the duration of the original term, and did not make the right perpetual.

In Equity. Motions to remand and to continue injunction.

Petition of Tillman and others for a writ of injunction against the Coosaw Mining Company. Motions to remand to the state court, and to continue an order granting a preliminary injunction, and appointing a receiver.

*Y. J. Pope*, Atty. Gen., *Mower, Mitchell & Smith*, and *Robt. Aldrich*, for complainant.

*McCrady, Sons & Bacot* and *Smythe & Lee*, for defendant.

FULLER, Chief Justice My conclusions are: (1) That upon the face of this record the motion to remand ought not to be entertained. The question of jurisdiction was adjudicated by this court on the 21st of April, 1891, and cannot be re-examined at this stage of the proceedings. But, if the question were open, the result would be the same, as I concur in the opinion of the district judge filed herein April 21, 1891. 45 Fed. Rep. 804. The motion to remand is therefore overruled. (2) As to the motion to continue, etc., the contention of the defendant is that it has by contract with the state, in virtue of the act of 1876, the exclusive right to mine all the phosphate rock within a defined part of the Coosaw river, for all time, at a royalty of one dollar per ton. The defendant carried on its mining operations prior to 1876, in the particular locality, under an act of 1870, which gave the right to mine for the full term of 21 years at one dollar per ton. The act of 1876 made this right exclusive, and, it is argued, perpetual, because it was provided that defendant, as well as other companies, should have that right "so long as, and no longer than," it should make the returns and pay the royalty prescribed. The royalty thus referred to was fixed by the act of 1870. It was decided in *State* v. *Guano Co.*, 22 S. C. 50, that the rule of construction applicable to the right to mine in the beds of navigable streams containing phosphate deposits is the ordinary one in the instance of grants of public rights, namely, that the grant is to be construed strictly in favor of the state and against the grantee. I concur in that view, and, applying the rule here, it forbids the conclusion that the legislature intended an indefinite grant by the terms used. The act of 1876 must necessarily be read in connection with that of 1870, and, this being done, it seems

clear that the duration of the exclusive right as claimed was not thereby enlarged. This conclusion is strengthened by an examination of the many acts in relation to phosphate mining referred to on the hearing of this motion, which show the policy of the state to have been to limit the duration of the right to mine,—a policy which it cannot be properly held the state intended to depart from by the act of 1876. It follows that the claim of the defendant to the exclusive right to mine within the mentioned territory indefinitely, at one dollar per ton, cannot be sustained. (3) This being so, and in view of the provisions of the act of 1890, an injunction ought to go against the defendant, restraining it as prayed until it shall take out a license under the latter act and otherwise comply therewith. And such an order may be substituted for the order made by the state court, which should be vacated so far as inconsistent with the order so entered. (4) Pending the filing of the foregoing memorandum, and the entry of the order therein referred to, the parties having agreed to submit the case on the hearing already had, as on the merits, and their stipulation in that behalf having been duly considered, a final judgment and decree may be entered in accordance with the result above indicated.

SIMONTON, J., (concurring.)  The acts of 1870 and 1876 must be construed in pari materix.  Under the first act, the state gave the grantees for 21 years the right to mine in its navigable streams.  This grant was upon the condition that the grantees should pay annually one dollar a ton on each ton dug and mined; and that they should make a return of their operations annually, or oftener if required.  This was not an exclusive right.  Bradley v. Phosphate, etc., Co., 1 Hughes, 72.  It was upon condition; that is to say, it existed so long as, and no longer than, the conditions were fulfilled.  The act of 1876 proposed modifications of this contract in four particulars:  (1) The time for making the returns was definitely fixed,—the end of each month.  This was an advantage to both parties.  (2) The royalty was made payable on each ton dug, mined, and shipped, not on the rock mined.  This was in favor of the grantees.  (3) The royalty was made payable quarterly, not annually.  This provision to go into effect immediately, and the royalty for the two quarters of the current year to be paid at once.  This was in favor of the state.  (4) The right to mine, theretofore not exclusive, was made exclusive upon the acceptance of the state's proposals.  The original contract was unchanged in every other respect.  The royalty remained the same,—one dollar per ton.  The grant was wholly on condition; that is, "so long as, and no longer than," the conditions were fulfilled.  The duration of the grant, during which these conditions were of force, was unchanged,—21 years from 1870.  This is a reasonable construction of a doubtful act, by which the doubt is resolved in favor of the sovereign grantor.  "It is a familiar rule of construction that when a statute operates as a grant of public property to an individual, or the relinquishment of a public interest, and there is a doubt as to the meaning of its terms, or as to its general purpose, that construction will be

adopted which will support the claim of the government, rather than that of the individual. Nothing can be inferred against the state." FIELD, J., in *Slidell* v. *Grandjean*, 111 U. S. 437, 4 Sup. Ct. Rep. 475.